IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:09cr26-RH/CAS
 4:11cv411-RH/CAS

VINCENT VIDAL MITCHELL,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Vincent Vidal Mitchell has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 89, and the objections, ECF No. 90. I have reviewed *de novo* the issues raised by the objections. I accept the report and recommendation, adopt it as the court's opinion (except to the extent it could be read to indicate a defendant does not have a right to have an attorney present at the presentence interview with the probation officer—an issue on which I express no opinion), and deny the § 2255 motion.

The bottom line is this: Mr. Mitchell committed the crimes he was charged with, was competent to proceed, pleaded guilty, and received the minimum

mandatory sentence. Nothing Mr. Mitchell or his attorney could have done differently would have affected this outcome.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Mitchell has not made the required showing.  This order thus denies a certificate of appealability.  Because Mr. Mitchell has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that Mr. Mitchell is not otherwise entitled to proceed *in forma pauperis* on appeal.  Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3.  Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on May 9, 2014.

                                          s/Robert L. Hinkle
                                          United States District Judge